UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Ellen K. Mady,   Bankruptcy Case No. 05-44011
                      Chapter 7
　　　　Debtor.        Honorable Marci B. McIvor
_____/

Washington Mutual Bank,

　　　　Appellant,

v.                    Case No. 07-10091
                      Honorable Sean F. Cox
Bankruptcy Estate of Ellen K. Mady,

　　　　Appellee.
_____/

## ORDER OF DISMISSAL

In this bankruptcy appeal, Appellant Washington Mutual Bank ("Washington Mutual") appeals under 28 U.S.C. §158 from the bankruptcy court's December 20, 2006 "Order Granting Joint Motion for Authority to Compromise Claims Pursuant to a Sale of Real Property Free and Clear of Liens." This appeal was docketed on January 4, 2007 [*See* Docket Entry No. 1].

Federal Bankruptcy Rule 8009(a)(1) requires the Appellant to file their brief within 15 days after the appeal is docketed. In addition, on February 26, 2007, this Court issued a "Request for Filing and Service of Briefs" [Docket Entry No. 5] that stated:

　　　　The record on appeal in the above-entitled matter was docketed by the
Clerk's Office on January 4, 2007.

　　　　Briefing in this matter is set pursuant to Rule 8009, Bankruptcy Rules.

　　　　IT IS HEREBY ORDERED that the parties appear in Room 252, U.S.
Courthouse, Detroit, Michigan on Tuesday, May 22, 2007 at 2:00 p.m., for
hearing on Bankruptcy Appeal.

(*Id.*).  Thus, pursuant to Bankruptcy Rule 8009(a)(1) and this Court's above instructions, Washington Mutual was required to file its appellate brief 15 days after the appeal was docketed on January 4, 2007.  As of April 25, 2007, however, Washington Mutual had not filed a brief, nor had it ever requested any extension of the time permitting for filing its brief.

Accordingly, in an Order dated April 24, 2007, this Court ordered Washington Mutual to show cause, in writing, on or before April 30, 2007, why this action should not be dismissed due to Washington Mutual's failure to file its brief.

Washington Mutual did not respond to the Show Cause Order.  The Court concludes that this appeal should therefore be dismissed because Washington Mutual's conduct in this case can only be the result of negligence or indifference and the sanction of dismissal is therefore warranted.  *See e.g., Creditors Svs. Corp. v. Cooley*, 182 F.3d 916, 1999 WL 519296 (6th Cir. 1999).

Accordingly, **IT IS ORDERED** that this action is **HEREBY DISMISSED.**

**IT IS FURTHER ORDERED** that the Estate's Motion to Dismiss Appeal [Docket Entry No. 6] is **DENIED AS MOOT**.  This is therefore a final order and closes this case.

**IT IS SO ORDERED**.

    S/Sean F. Cox  
    Sean F. Cox  
    United States District Judge

Dated:  May 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 7, 2007, by electronic and/or ordinary mail.

    S/Jennifer Hernandez  
    Case Manager